Case number 20-1553. Candice Hooker v. Wanigas Credit Union. We'll proceed 15 minutes per side. Millicent Elise Schech for the appellant. Good afternoon. My name is Millicent Schech. I represent Wanigas Credit Union, and I've reserved three minutes for rebuttal. Very well, you may proceed. Thank you. As this court is aware from reviewing the briefs that have been submitted, the issue before this court today involves an interplay between a collection lawsuit brought by Wanigas Credit Union based in Saginaw, Michigan, and the defendant's bankruptcy. And as an interesting fact, I'm from Saginaw. Wanigas is actually Saginaw spelled backwards. So those of us from Saginaw like that back. But the facts in this case are not in dispute. Schech Law Offices was retained by Wanigas Credit Union to collect its account receivables on a contingency fee basis and pursuant to a contingency fee agreement. Schech Law Offices obtained a judgment on behalf of Wanigas. It was a default judgment. And thereafter, a wage garnishment was issued by the state court. It was properly served upon the wages in the amount of $884.13 were transferred to Schech Law Offices prior to the debtor, in this case, the FLE, filing a Chapter 7 bankruptcy on November 11, 2018. Now, I think it's important the date that the debtor filed the bankruptcy. And I think that bears some insight on how bankruptcy is practiced in the state of Michigan. We, Schech Law Offices received their first check. It was dated October 15, 2018, in the amount of $293.14. The second check was dated October 29, 2018, in the amount of $292.84. Those two checks together totaled $585.98. Schech Law Offices then received a third check, dated November 9, 2018, in the amount of $298.15. The FLE filed her bankruptcy on November 11, just two days after that last check was cut. And this is interesting because if she would have filed her bankruptcy before that last check was cut, she would have been under $600. Can I ask a question, Counselor? Is it just is it just a matter of who received the money? In other words, if the money had gone to Wannegas and they had paid their lawyers, you don't have a case, right? But the money went to the lawyers and then they remitted whatever the share was to the credit union. So you're saying that the portion that the lawyers keep is not recoverable. Is that it? It's just a matter of who got the money? Yeah, the money was paid to Schech Law Offices. Schech Law Offices is not a creditor, and therefore we think it's not met underneath the statute. Okay, but if the money had gone, if the debtor had just said, instead of, okay, don't garnish my wages, here's an $800 check to Wannegas, and then they cut a $400 check to their lawyer and say, thanks a lot for helping me get this judgment. The $800, they're still on the hook for the whole thing, right? I think Schech Law Offices would have an attorney charging lien on that amount still. But the case just comes down to who receives the money. Is it the law office that gets the money first or the creditor? Is that it? You're saying if it's the law office that gets the money first, then that makes all the difference in the world, right? Well, in this case, yes, but I think if you were to have those other set of facts, we would still have an attorney, or Schech Law Offices would still have an attorney charging lien on that money. Right, but you would have the lien against your client, right? And so you could get the money from your client. I mean, your client would owe you, I assume there's some contract between the credit union and the law firm, right? And so whatever the fee is, is done pursuant to some agreement, right? The fee is judgment, then the charge is X dollars, and the client owes you X dollars, right? They can pay you out of the proceeds, or they could pay you at the end of the month for the, you know, if you've got 10 other cases, right, as part of the bill that you said. But we don't ever send a bill. The money is always pursuant to these garnishments sent to our office. We don't ever send a bill to Wanda Guess. We take the money, or Schech Law Office takes the money as it comes through the office, their law office. But they're contractually obligated to pay you that money, right? I mean, I guess I don't, I'm confused about why the question, why everything seems to turn on who gets the money in the first instance as a formal, it just seems formalistic to me. Well, I believe the case law out there says that there's a lien, a valid lien that is found. And I believe that the case of Sheppard v. Speck, Your Honor, it states that because it's a involuntary transfer, I mean, they can only receive the money that the creditor receives. The trustee or the debtor in the bankruptcy can only go back on the money that the creditor actually received. And so there has to be intent. Intent, yes. The question is, who does the money belong to? The money belongs to the credit union, and out of that, the legal fees are paid to the law firm. Is that the simplified way of describing the transaction that's going on here? I don't believe so, because I believe the money comes to our office first. That was how the facts of this case came through. An attorney lien was then put on those funds. And then after those funds, the attorney lien was portioned out. The remainder was sent on to a creditor. And that's the only amount of money that they received, very similar to the case of Sheppard v. Speck and the individual that kept the $80 processing fee. Well, the attorney lien is on money that's owed to the firm by the credit union. All of this money is emanating from the credit union's ownership of the corpus of the funds, for lack of a better way to put it. I mean, I don't see what the problem is here. Well, Your Honor, we are permitted an attorney lien. Well, put it this way. Sheppard had a lien against Monicus, but not against Cooker. Well, the lien... So the attorney charged in lien is irrelevant to a certain extent under these circumstances. I don't believe so, Your Honor, because there's bankruptcy courts, there's bankruptcy cases that talk about the attorney charging lien and how even against a debtor, even against a trustee, it's not liable. Well, let me ask it like this. The law firm, and you can tell me if this is incorrect, but the law firm is an agent and the money was sent for the benefit of Monicus. And that's not what 11 U.S.C. 547b1 states though, Your Honor. It's clear in an ambiguous language. It says paid to or for a creditor. It does not say paid to an agent on behalf of a creditor, paid to or for a creditor. I'm not saying anything at odds with that statutory language. The Monicus is to whom the money is paid. It's just that the law firm was receiving the money for the benefit of the credit union. No, the law firm was receiving the money to obtain their money themselves, their attorney fees. Well, the law firm wasn't owed anything except by the credit union. All firm works for the credit union. It's just that nothing is owed by the credit union. We just take a percentage of what comes through. Pursuant to the contingency agreement. Correct. You and I, I think, are in pretty good agreement on most elements of this. We don't think that. Can I switch gears a bit? You appealed the denial of a motion for summary judgment, correct? Correct. That's an interlocutory order, correct? Correct. And don't you have to, in order for the district court, the district court resolved, I mean, ruled on the issue without your head, but you didn't file, seek, leave to appeal that, did you? I believe the summary judgment is a final order. It's a denial of summary judgment. It wasn't a grant of summary judgment. Which is not a final order. It's not a final order. So don't you have to, if you want the district court to resolve it, you have to file a motion asking for leave to appeal that and have the district court resolve the order. Is that correct? No. I don't think so. I think it's a final order that we can appeal. Well, we'll see. I'd like to, is it okay if I continue to make my record? You may proceed as you please. Thank you. Going into the preference analysis, the elements of 11 U.S.C. 547B have to be met. The trustee can avoid any transfer of interest if it's paid to or for the benefit of a creditor. We believe that the case of Shepard v. Speck talks about how this can be accomplished. It defines for the benefit of a creditor. And it states, after going into some analysis on some other cases, it states that in order for a transfer to be to or for the benefit of a particular creditor, quote, the meaning of 547B1, the debtor must have intended to transfer. Can I ask you a question? If she had just called Wenegas and said, I want to pay you the $800, and they said, why don't you just write a check to the electric company because we owe them $800, and she had just written a check to the electric company, would that be for the benefit of the creditor? Or would that be because it went to a third party, that would be different? I think because it went to a third party, I mean, that is not a creditor. Okay. Okay, I see my time is up, but may I proceed? Well, if your time is up, you reserved some time for rebuttal, didn't you? I did. I did. Would you like to take some of your rebuttal time to continue on now? Hold on to all of your rebuttal time. I guess I will address anything that needs to be done on rebuttal, Your Honor. I'll let the other side go. All right. We'll hear from opposing counsel. Good afternoon, Your Honors. My name is Brian Flick, and along with my co-counsel, Matthew Fry, who is listening, I represent the appellee, Candace Hooker. To Judge Gibbons' question opposed to the appellant, we have not raised the issue that this appeal may have been improperly brought. However, we do not disagree that this is fundamentally an appeal of the denial of motion for summary judgment, and it may be that it needed to be disposed of in the district court before it came up. So to the extent this court may be considering denying the appeal, certainly the appellee would agree. As to... So you knew there was an appealability issue, but you didn't raise it? Your Honor, to be candid, we didn't. It did not register that there could have been that issue until it was brought up by Judge Gibbons. Well, if it's jurisdictional, and if I'm right, do we have a choice about what we do with it? I mean, it seems, in a way, it seems kind of like a wasteful task because the district court, having previously resolved the matter, might well elect just to grant leave and resolve it again, but it puts us in a dilemma if it's jurisdictional. Do you think it's jurisdictional? Your Honor, I don't think so in this case because I would agree with the appellant to the extent that all underlying issues were resolved with the denial of motion for summary judgment. The if the court... You mean all the underlying matters in the bankruptcy court? Correct. To that extent, because the plaintiff had not, the appellee had not yet moved for summary judgment at that point, and the answer had been filed, then the motion for summary judgment by the appellant was filed. So to the extent there were no other underlying issues at this point,  I wanted to touch on Judge Nalbanian's questions, and we agree, the appellees agree, that this really does come down to... Before you leave that last point, isn't there a requirement that the district court has to grant leave to appeal, and that wasn't done here because the district court was laboring under the misapprehension that there was a final order? Your Honor, again, yes, potentially. We don't disagree if the court finds that this has been an issue. However, we'd agree that we're here, all issues have been disposed of at least to this point, and certainly if this court were to affirm the decision of Judge Ludington at the district court, this case would be remanded back, and appellee would be free to proceed with the case. As to Judge Nalbanian's questions, we don't believe it's a matter of who received the money, because quite frankly, whoever received the money was always going to be to the benefit of the creditor, which it is very clear this falls well within all the five elements of a preference under 547. The issue is not that the money went to Sheck Law Office, and Sheck Law Office sent the check to the appellant. The issue is quite simply, this was a garnishment. The garnishment was ordered to go to Sheck Law Office, because that is what the order of garnishment was set to say, was instructed the employer to send the garnishment. As to the other question that Judge Nalbanian asked about, if a third party was paid, well that kind of dovetails into one of the cases that Judge Opperman and Judge Ludington struggled a little bit with, the In re Jackson case. They think that would fall into the issue under Jackson of whether the third party knew that the transfer was potentially voidable. In this case, there's no doubt that Sheck Law Office, as a debt collector, collecting on behalf of a client, understands that if the money is taken within 90 days, and it's over $600, it would be potentially garnished. So to the extent that there is any ambiguity, or there'd be any innocent third party, it just doesn't fit, which is why Judge Opperman noted in his decision in the McDuffie case multiple times that this does not, this Jackson is close, however, that's where the argument fails. This case is very straightforward, you know, on the there is no exception to this preference. The district court got this correct. The trial court, the bankruptcy court got this correct. We were just respectfully asked that this court affirm the judgment that was made by the district court in the event the court finds it has jurisdiction for the appeal. Thank you. Thank you and we'll hear rebuttal. Thank you. I'd like to continue my record with this rebuttal. Sheck Law Office has a lien on the money that went through their office, a charging lien, because they obtained the judgment in this matter. They obtained funds pursuant to that judgment up near the fruit of their labor. And this is how a charging lien works. They're allowed to keep the money to help pay for the fees that have been paid. And they're not allowed to accrued. In my brief, I cited the case of Kaiser Industrial Corp versus DM Liquidating Company, 11 Mishap 438, a 1968 case that says on page 445, an attorney's lien is subject to any rights in the property which are valid against the client at the time the lien attaches. There was a bankruptcy case that I discussed in my brief by the renowned Honorable Alexander Pasquet, who's also the author of the trustee handbook. And he stated that an attorney lien attaches at the date that work first was commenced. That was May 25, 2018 in this case. So our lien should relate back to that time, should attach at that time, and should be perfected at that time. The court went on to say that there exists authority to support the general proposition that an attorney's lien is paramount. And under statutes conferring a lien on attorneys, it is held that the lien created is a first lien. It is at least entitled to as much protection as any other lien having a similar status. At any rate, an attorney's lien is paramount to the rights of the client's creditors, which we think with having the bankruptcy court ask for the money back is similar to a creditor. Even a creditor in whose favor execution has been levied or who's been acquired or who has acquired a lien in supplementary proceedings or in a garnishment proceedings. Or trustees, which is what Alexander Pasquet continues to say in his case of Beach v. Townsend, Henry TLC of Lake Wales, 13 BR-593 Bankruptcy, Middle District of Florida, 1981. We are requesting that the court reverse the opinion of Judge Ludington, the United States District Court for the Eastern District of Michigan, and determine that the funds are not preferential, that the funds that Want to Guess never received. We're asking them to find that that was not preferential, and they should not have to return the money that they never received. All right. Does that complete your argument, counsel? Yes, sir. Okay. Thank you very much. And the case shall be submitted.